**FILED**
Lucinda B. Rauback, Acting Clerk
United States Bankruptcy Court
Augusta, Georgia
By jpayton at 9:59 am, Sep 04, 2012

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Dublin Division

| | |
|---|---|
| IN RE:<br><br>RODNEY M. MOORE<br><br>    Debtor | Chapter 13 Case<br>Number 10-30385 |
| RODNEY M. MOORE<br><br>    Plaintiff<br><br>v.<br><br>BAC HOME LOAN SERVICING LP fka COUNTRYWIDE HOME LOANS SERVICING LP as a servicing Agent for BANK OF AMERICA, N.A.<br><br>    Defendant | Adversary Proceeding<br>Number 11-03012 |

## OPINION AND ORDER

Rodney M. Moore ("Debtor") commenced this adversary proceeding seeking relief from BAC Home Loan Servicing LP fka Countrywide Home Loans Servicing as a servicing Agent of Bank of America ("Bank of America") for failure to foreclose on property surrendered under his Confirmed Chapter 13 Plan. The matter before me is Bank of America's motion for summary judgment on the claim filed by Debtor. This is a core proceeding pursuant to 28

AO 72A
(Rev. 8/82)

U.S.C. §157(b)(2) and jurisdiction is proper pursuant to 28 U.S.C. §1334. For the following reasons, Bank of America's motion for summary judgment is granted.

## UNDISPUTED FACTS

The facts in this case are undisputed. On April 25, 2002, Debtor obtained a loan for real property located in Bibb County, Georgia secured by a security deed conveying title of the property to ABN AMRO Mortgage Group. The security deed was later assigned to LaSalle Bank Midwest, N.A., a company which has since merged with Bank of America. Debtor filed bankruptcy under Chapter 13 of the Bankruptcy Code on July 24, 2010. Bank of America subsequently filed a motion for relief from stay as to the property. Debtor's Chapter 13 Plan was confirmed on October 7, 2010 without objection by Bank of America. The Court also granted Bank of America's motion for relief from stay on November 19, 2010.

Pursuant to the confirmed plan, Debtor surrendered and vacated the property; however, Bank of America has not foreclosed on the property or transferred title out of the Debtor's name. Bank of America has not taken any affirmative steps of possession or ownership. Debtor commenced this adversary proceeding on July 29, 2011 alleging Bank of America was: (1) in contempt of the

2

Confirmation Order; (2) knowingly in violation of the automatic stay under 11 U.S.C. §362; and (3) liable for damages. Debtor seeks actual damages for expenses related to a citation for violation of the Macon, Georgia code of housing standards, as well as punitive damages in the amount of $250,000; attorney fees and expenses. Additionally, Debtor seeks an Order from the Court transferring the property out of his name and other equitable relief the court deems appropriate.

Bank of America filed a Motion to Dismiss for Failure to state a claim based upon my decision in In re Arsenault, 456 B.R. 627, 630 (Bankr. S.D. Ga. 2011). The motion was denied at that preliminary stage because this case involves Georgia law whereas Arsenault involved Florida law.

### CONCLUSIONS OF LAW

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). See also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

> [A] party seeking summary judgment always bears the initial responsibility of informing the . . . court of

3

> the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

Celotex, 477 U.S. at 323 (internal quotations omitted). "In determining whether the movant has met its burden, the reviewing court must examine the evidence in a light most favorable to the opponent of the motion. All reasonable doubts and inferences should be resolved in favor of the opponent." Amey, Inc. v. Gulf Abstract & Title, Inc., 758 F.2d 1486, 1502 (11th Cir. 1985) (citations omitted), cert. denied, 475 U.S. 1107 (1986).

The issue in this case is whether, under the undisputed facts above, a creditor can be compelled to take affirmative steps to foreclose upon surrendered property pursuant to 11 U.S.C. §1325(a)(5)(C), and whether its failure to do so violates the automatic stay or confirmation order. When presented with this issue in a prior case, I found that surrender under a Chapter 13 plan does not require the creditor to take affirmative action to foreclose on property and failure to do so does not violate the automatic stay. In re Arsenault, 456 B.R. 627, 630 (Bankr. S.D. Ga. 2011) aff'd Arsenault v. JP Morgan Chase Bank, N.A., Civ. Action No. CV 311-106 (S.D. Ga. August 30, 2012); see also Pratt v. Gen. Motors Acceptance Corp, 462 F.3d 14, 19 (1st

4

Cir. 2006) ("[N]othing in subsection 521(a)(2) remotely suggests that the secured creditor is required to accept possession . . . ."); In re Canning, 442 B.R. 165, 172 (Bankr. D. Me. 2011); In re Service, 155 B.R. 512, 514-15 (Bankr. E.D. Mo. 1993)(recognizing surrender as a "contractual act" but only with the consent of both parties requiring surrender by the Debtor and willing acceptance of title by the Creditor); Hon. W. Homer Drake, Jr., Hon. Paul W. Bonapfel & Adam M. Goodman, Chapter 13 Practice and Procedure §9C:9 at 682 (2010-2011 ed.); In re White, 282 B.R. 418, 423 (Bankr. N.D. Ohio 2002); but see Pigg v. BAC Home Loans Servicing, LP (In re Pigg), 453 B.R. 728 (Bankr. M.D. Tenn. 2011)(equitable remedy fashioned to address the attempted surrender of a condominium made uninhabitable by a flood, where bank had actively taken possession of the property).

The only relevant factual distinction between the Arsenault case and the case sub judice is that Arsenault involved a Florida mortgage and the current case involved a Georgia Security Deed. In their briefs, the parties did not address whether Georgia law requires a different result than the Arsenault case. After review, I conclude Georgia law does not require a contrary conclusion than the one set forth in Arsenault. See Citizens' & S. Bank & Realty Sav. & Trust Co., 144 S.E. 893, 895 (Ga.

5

1928)(the grantor of the security deed retains the right of possession and the right of redemption by full payment of the debt) citing Citizens' Bank of Moultrie v. Taylor, 117 S.E. 247 (Ga. 1923); In re Corley, 447 B.R. 375, 385 (Bankr. S.D. Ga. 2011)(stating that after executing a security deed, a debtor's only interests in the property are the right of possession and the right to have the property reconveyed upon repayment); Broach v. Barfield, 57 Ga. 601, 601 (1876); 2 Daniel F. Hinkel, Pindar's Georgia Real Estate Law & Procedure §21-13 (6th ed. 2004). Under the terms of a traditional security deed, the grantee holds title only for the collection of his debt. 2 Daniel F. Hinkel, Pindar's Georgia Real Estate Law & Procedure at §21-14; see also Id. at §21-40 ("The grantor in a security deed continues to be the equitable owner of the property. . . [H]e remains subject to all the usual obligations of ownership, tort liability, and ad valorem taxes, except that his interest cannot be levied on by his other creditors without first paying off the grantee's debt."). Because the Debtor remains the equitable owner of the property, I find, he is not divested of his ownership obligations until the actual foreclosure occurs or until the lender takes affirmative steps of ownership. See In re Pigg, 453 B.R. at 733, 736 (equitable remedy fashioned to address the attempted

6

surrender of a condominium made uninhabitable by a flood, where bank had actively taken possession of the property by changing lock and placing notice on the door).

For these reasons, I conclude Bank of America has not violated the confirmation order or the automatic stay and I decline to exercise equitable powers pursuant to 11 U.S.C. §105. See In re Arsenault, 456 B.R. at 631 aff'd Arsenault v. JP Morgan Chase Bank, N.A., Civ. Action No. CV 311-106 (S.D. Ga. August 30, 2012). It is therefore ORDERED that Bank of America's Motion for Summary Judgment is GRANTED.

_____
SUSAN D. BARRETT
CHIEF UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia
this 4th Day of September 2012.

7